11-3153-cv
Space Hunters v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of October, two thousand twelve.

Present:
CHESTER J. STRAUB,
ROBERT D. SACK,
ROBERT A. KATZMANN,
*Circuit Judges.*

---

SPACE HUNTERS, INC., JOHN McDERMOTT,

*Plaintiffs-Appellants*,

v.                                                     No. 11-3153-cv

UNITED STATES OF AMERICA,

*Defendant-Appellee*.

---

For Plaintiffs-Appellants:         JOSEPH CAPOBIANCO (Marc Jarrett Sackin, *on the brief*), Reisman Peirez Reisman & Capobianco, LLP, Garden City, N.Y.

For Defendant-Appellee:         LARA K. ESHKENAZI (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-appellants Space Hunters, Inc. ("Space Hunters") and John McDermott ("McDermott") (collectively, the "plaintiffs") appeal from the May 18, 2011 judgment of the United States District Court for the Southern District of New York (McMahon, *J.*), following a May 17, 2011 Decision and Order granting the government's motion to dismiss the complaint. The plaintiffs commenced this action in order to set aside the 2002 judgment awarded against them in *United States v. Space Hunters, Inc., John McDermott*, 00 Civ. 1781, (the "Space Hunters Case") based on their contention that the judgment was procured by the perjured testimony of the government's key witness, Keith Toto. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

We first address whether the district court erred in dismissing the plaintiffs' complaint for failing to plausibly plead that the government's attorneys suborned perjury in order to prevail in the Space Hunters Case. To state a claim for relief under Federal Rule of Civil Procedure

2

60(d)(3), a complaint must allege a "'fraud on the court'" that "seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) (quoting Fed. R. Civ. P. 60(d)(3)). The type of fraud that is sufficient to support an independent action attacking the finality of a judgment is "narrower in scope than that which is sufficient for relief" under a timely Rule 60(b) motion, *id.* at 558, and "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases," *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (internal quotation marks omitted). A plaintiff must also show that the Rule 60(d) action is necessary "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

Federal Rule of Civil Procedure 9(b) imposes a heightened standard of pleading for allegations of fraud, requiring such claims to be "stated with particularity." Fed. R. Civ. P. 9(b). To survive a motion to dismiss, a complaint alleging fraud must "allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). An inference of fraudulent intent "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* "[M]ere general allegations that there was fraud, corruption or conspiracy or characterizations of acts or conduct in these terms are not enough [to survive a Rule 12(b)(6) motion] no matter how frequently repeated." *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir. 1972) (internal quotation marks omitted).

Having reviewed the allegations in the complaint as well as the documents attached to the complaint, we cannot conclude that the district court erred in determining that the plaintiffs

failed to allege facts giving "rise to a strong inference of fraudulent intent." *Shields*, 25 F.3d at 1128. The plaintiffs principally allege that the government suborned perjury by instructing its witness, Keith Toto, to untruthfully testify at trial that he was looking to rent a room instead of an apartment. Because Space Hunters allegedly only assists customers seeking to rent rooms in owner-occupied houses, plaintiffs contend that Space Hunters could not be found to have discriminated against Toto if he was only interested in renting an apartment. Thus, according to plaintiffs, the government had a motive to suborn perjury because in order to prevail at trial, it would have to establish that Toto was seeking a room rather than apartment. This argument is unpersuasive because whether Toto was seeking a room versus an apartment was immaterial to the government's case. After all, the evidence adduced at trial established that McDermott ended Toto's telephone calls before even speaking to Toto about what kind of dwelling he was seeking. Indeed, McDermott's own testimony demonstrated that Space Hunters had a policy and practice of refusing to provide service to disabled individuals in violation of Section 806 of the Fair Housing Act. As we observed in rejecting plaintiffs' direct appeal of the jury verdict, McDermott testified that "'no relay calls will ever be taken by my office'" and that he will "'never have to change this practice.'" *United States v. Space Hunters*, 429 F.3d 416, 422 (2d Cir. 2005) (quoting the record below).

Plaintiffs have also failed to allege "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields*, 25 F.3d at 1128. Plaintiffs contend that during the 2002 trial Assistant United States Attorney Sara Shudofsky "intentionally fail[ed] to differentiate the critical difference . . . between an apartment and a room," Pls.' Br. 32, by ambiguously asking Toto during direct examination whether he was looking "for a place to live," App. 71. Plaintiffs further allege that Ms. Shudofsky falsely stated during her opening statement

4

that Toto "was interested in finding furnished rooms to live in," App. 69, and that the government's attorneys ambiguously drafted the Space Hunters Case complaint to allege that Toto contacted Space Hunters "to inquire about rental properties," *id.* at 13, in order to suggest that Toto was looking for a room even though they knew that he was really only looking to rent an apartment. We cannot conclude that these entirely innocuous incidents constitute strong circumstantial evidence of conscious misbehavior or recklessness on the part of the government.

In addition to failing to plausibly allege a fraud on the court, the plaintiffs cannot demonstrate that their Rule 60(d) action, which seeks to overturn the 2002 judgment, is necessary "to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47. As this Court held in ruling against plaintiffs on direct appeal, the trial record against the plaintiffs was "awash with evidence of egregious and outrageous acts by [plaintiffs] that could support an inference of the requisite evil motive." *Space Hunters*, 429 F.3d at 428 (internal quotation marks omitted). "McDermott did not simply hang up on relay calls," but also "used profanity to chase them away from continuing to call back. He told Toto to 'eat shit, asshole' -- not the most judicious of remarks -- and that Space Hunters does not do business with disabled people." *Id.* (internal quotation marks and citation omitted). McDermott also "told the [United States Department of Housing and Urban Development] investigator that 'if a disabled person, a hearing impaired person would come to [his] office . . . they would not gain entry into the building.'" *Id.* (alterations in original). Given that McDermott's own testimony confirms that Space Hunters and McDermott engaged in outrageous and illegal conduct, there would be no miscarriage of justice in allowing the 2002 judgment to stand.

We now consider whether the district court erred in denying plaintiffs' request to amend their complaint. Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give

5

leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[l]eave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (internal citation omitted).

To support their argument that plaintiffs could allege additional facts if offered the opportunity to amend, plaintiffs point to two declarations: a declaration from McDermott (the "McDermott Declaration") and a declaration from Andre Johnson (the "Johnson Declaration"). As the district court correctly concluded, neither the Johnson Declaration nor the McDermott Declaration "include[s] additional facts that supports a strong inference of fraudulent intent, as required under Rule 9(b)." *Space Hunters, Inc. v. United States*, No. 10 Civ. 6335(CM), 2011 WL 1899627, at *6 (S.D.N.Y. May 17, 2011). Although the McDermott Declaration purports to establish that all of the investigators for the Fair Housing Council of Northern New Jersey (the "FHC") confirmed that Space Hunters only rented rooms, "[n]one of the investigators gave McDermott evidence to support Plaintiffs' allegation that Toto lied at the Government's behest." *Id.* at *7. Moreover, some statements in the transcripts attached to the McDermott Declaration actually undermine the allegations in the complaint. For example, one statement suggests that the FHC believed Space Hunters dealt with apartments. App. 122 ("[M]ost of the testing that I really ever did was . . . apartments or house sales.").

The Johnson Declaration similarly fails to offer plausible evidence in support of plaintiffs' allegations. As an initial matter, Andre Johnson does not identify himself beyond his name and does not set forth his employer, his connection to the case, or how he came to interview Toto on "approximately 50 occasions." App. 222. Moreover, the notes attached to the Johnson Declaration, which are identified as Toto's notarized handwritten notes, were not

6

submitted under the "penalty of perjury," 28 U.S.C. § 1746, and thus likely constitute

inadmissible hearsay. *See Capobianco v. City of N.Y.*, 422 F.3d 47, 55 (2d Cir. 2005) ("As a

general matter . . . unsworn letters . . . are inadmissible hearsay."). Finally, as the district court

noted, many of the allegations in the Johnson Declaration are implausible on their face, such as

the claim that the government paid a sum of money to Toto's attorney to "take over [Toto's] case

against Space Hunters and John McDermott." App. 224. As the district court correctly

observed, once Space Hunters opted to transfer the administrative complaint to federal court, the

government was obligated to represent Toto. *See* 42 U.S.C. § 3612(o)(1) (requiring the Attorney

General to "commence and maintain[] a civil action on behalf of the aggrieved person" in federal

court if a party elects to have an administrative complaint filed under the Fair Housing Act

transferred to federal court). Accordingly, because these declarations do not set forth additional

facts establishing the government's motive to suborn perjury, the district court did not err in

concluding that amendment would be futile.

We finally turn to whether the district court erred in denying plaintiffs' motion for

reconsideration. Federal Rule of Civil Procedure 59(e) permits a party to file a "motion to alter

or amend a judgment . . . no later than 28 days after the entry of judgment." Local Rule 6.3

permits a party to move for reconsideration based on "matters or controlling decisions which

counsel believes the court has overlooked." S.D.N.Y. Local R. 6.3. "The standard for granting

such a motion is strict, and reconsideration will generally be denied unless the moving party can

point to controlling decisions or data that the court overlooked -- matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration

are an intervening change of controlling law, the availability of new evidence, or the need to

7

correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). We review the district court's denial of a motion for reconsideration for abuse of discretion. *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003).

Plaintiffs contend that the district court erred in denying their motion for reconsideration because they presented new evidence, a declaration from Keith Toto (the "Toto Declaration"), in which Toto attests that the government instructed him to lie during the 2002 trial.[1] Because this declaration cannot be considered "new evidence" -- evidence that was "truly newly discovered or could not have been found by due diligence," *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (internal quotation marks and alterations omitted) -- we cannot conclude that the district court abused its discretion in denying the motion for reconsideration. Plaintiffs fail to provide a convincing explanation as to why they could not have obtained the Toto Declaration prior to January 5, 2011 -- more than eight years after the conclusion of the 2002 trial. While plaintiffs allege that Toto did not sign the declaration in December 2010 because the government improperly subpoenaed him in order to intimidate him, this allegation does not explain why plaintiffs were unable to secure his declaration years earlier, especially since plaintiffs have been arguing that Toto was seeking an apartment rather than a room since before the 2002 trial even commenced. Accordingly, because the district court was not obligated

---

[1] While we need not consider the content of the Toto Declaration in affirming the district court's denial of plaintiffs' motion for reconsideration, it is interesting to note that at least one statement in the Toto Declaration actually undermines plaintiffs' allegation that the government knowingly suborned perjury. After all, the declaration indicates that Toto told the government's attorneys that he was searching for a "room": "I told [the government's attorneys] that I was looking for a room however I use the word 'room' to mean a place to stay not a type of apartment." App. 354.

8

to consider plaintiffs' untimely submission, the district court did not abuse its discretion in denying plaintiffs' motion for reconsideration.

We have considered plaintiffs' remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK