**LIMA LS PLC, Petitioner,**

v.

**NASSAU REINSURANCE GROUP HOLDINGS, L.P., Phillip J. Gass, and Kostas Cheliotis, Respondents.**

15 Misc. 359

United States District Court,
S.D. New York.

Signed December 18, 2015

Allan J. Arffa, Jessica Sombat Carey, Martin Flumenbaum, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Petitioner.

Shireen Anneke Barday, U.S.D.C., Southern District of New York, New York, NY, for Respondents.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

On November 5, 2015, Petitioner Lima LS PLC ("Lima") filed a motion ("Motion to Compel"), pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Rule 45"), to compel Respondents Nassau Reinsurance Group Holdings, L.P. ("Nassau"), Phillip J. Gass ("Gass"), and Kostas Cheliotis ("Cheliotis") (collectively, "Respondents") to comply with document subpoenas issued by Lima in an action pending in the United States District Court for the District of Connecticut, *Lima LS PLC v. PHL Variable Ins. Co., et al.,* No. 3:12–CV–001122. (Dkt. No. 1.) Respondents filed their opposition to the Motion to Compel on November 12, 2015 (Dkt. No. 7) with Lima filing its reply on November 16, 2015 (Dkt. No. 13).

On November 17, 2015, this Court, sitting in Part I, held a hearing regarding the Motion to Compel ("November 17 Hearing") and instructed the parties to meet and confer regarding the document requests before a subsequent conference to be held the following week. (Dkt. Minute Entry for Nov. 17, 2015.) On November 24, 2015, this Court, sitting in Part I, held a second hearing ("November 24 Hearing") and granted Lima's Motion to Compel, instructing Lima to provide a proposed order to the Court. (Dkt. Minute Entry for Nov. 24, 2015; Hearing Transcript for Nov. 24, 2015, Dkt. No. 16.) The Court entered the Order Granting Rule 45 Motion to Compel Compliance with Subpoenas ("Order") on November 25, 2015. (Dkt. No. 15.)

On December 9, 2015, Respondents filed a Motion for Clarification and Reconsideration of the Court's Order ("Motion for Reconsideration"). (Dkt. No. 20.) Respondents request that the Court: (1) clarify that the Order applies only to Docu-

ment Requests 7 and 8; (2) reconsider the Order if it applies to all document requests because the burden of production outweighs the relevance of the documents; and (3) alternatively, vacate the Order and transfer the Motion to Compel to the District of Connecticut.

## I. *STANDARD OF REVIEW*

■■■ Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790 (2d ed.)). To these ends, a request for reconsideration under Local Rule 6.3 ("Rule 6.3") must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

■■■ Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carol-*

*co Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

## II. *DISCUSSION*

### A. *MOTION FOR CLARIFICATION*

■■■ Respondents first request that the Court clarify its Order to apply only to Document Requests 7 and 8. Respondents contend that the November 17 Hearing focused on Document Requests 7 and 8 and that the parties were instructed to meet and confer on those two requests only. Therefore, Respondents believed that Lima had withdrawn all remaining requests prior to the November 24 Hearing. Furthermore, since the November 24 Hearing also focused on those two document requests, Respondents claim that the Court was asked to rule only upon those two requests and that Lima should have provided a proposed order compelling compliance with Document Requests 7 and 8 only. (*See* Dkt. No. 21 at 7–8.)

The Court finds that Lima never withdrew the other document requests and that the Court never intended to limit the Order to Document Requests 7 and 8 only. First, at the conclusion of the November 17 Hearing, the Court directed the parties to "meet and confer regarding the document requests." (Dkt. Minute Entry for Nov. 17, 2015.) The Court did not limit its instruction to Document Requests 7 and 8. In the e-mail exchanges between the par-

ties during the meet and confer process, Lima asked Respondents to "[i]dentify documents responsive to Lima's requests 7 and 8" and "[b]eyond the specific categories above, provide general information about the types of documents that are available to Nassau and responsive to the Subpoenas." (Ex. A, Dkt. No. 14 at 4.) Moreover, Lima "expressly reserve[d] all rights, including the right to seek full compliance with each request in the Subpoenas." (*Id.*) While the parties prioritized Document Requests 7 and 8 during the meet and confer process, there is no indication that Lima expressly withdrew the remaining requests.

Finally, although the discussion during the November 24 Hearing may have focused on Document Requests 7 and 8, that was because, as the Court understood the parties' positions, those two requests were the least problematic for Respondents to comply with. The Court thus viewed the meet and confer effort that it directed the parties to pursue as an opportunity to reach greater agreement as to the balance of Lima's requests. In this regard, the Court stated that it was "persuaded by plaintiff's arguments that the [C]ourt should grant the request and compel the production of the documents, insofar as the [C]ourt finds that they are both relevant and that the defendants here have not presented a compelling case for argument that complying with the request would be burdensome." (Hearing Transcript for Nov. 24, 2015, Dkt. No. 16 at 20.) Accordingly, the Court denies Respondents' request for clarification and affirms that the Order properly compelled Respondents to comply with all document requests. Having determined that the Order applies to all document requests, the Court will now turn to Respondents' request for reconsideration of that Order.

## B. *MOTION FOR RECONSIDERATION*

### 1. *Intervening Change of Controlling Law*

The first major ground justifying reconsideration is an intervening change in controlling law. *See Virgin Atl. Airways, Ltd.,* 956 F.2d at 1255. Respondents do not argue that there has been an intervening change in controlling law that would have altered the outcome of the Order. *See Shrader,* 70 F.3d at 257. The Court therefore finds that there has been no "intervening change of controlling law" which justifies reconsideration of the Order.

### 2. *Availability of New Evidence*

■■ The second major ground justifying reconsideration is the availability of new evidence. *See Virgin Atl. Airways, Ltd.,* 956 F.2d at 1255. For evidence to be considered "newly available," it must be "evidence that was truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States,* 500 Fed.Appx. 76, 81 (2d Cir.2012) (internal quotation marks omitted). A motion to reconsider is "not supposed to treat the court's initial decision as the opening of a dialogue in which [the party making the motion] may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Polsby v. St. Martin's Press, Inc.,* No. 97 Civ. 690, 2000 WL 98057, at 1 (S.D.N.Y. Jan. 18, 2000); *see also Goldstein v. New York,* No. 00 Civ. 7463, 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001) (holding that a motion to reconsider is not an opportunity "to put forward additional arguments which the movant could have made, but neglected to make before judgment") (internal quotation marks omitted).

Although Respondents do not indicate specifically what evidence they consider to be "newly available," the only evidence to which Respondents cite is the volume of documents that are likely responsive to the requests. (*See* Dkt. No. 21 at 9-10.) This information would not constitute new evidence as the Respondents could have determined the number of responsive documents "by due diligence" prior to the November 17 Hearing and certainly prior to the November 24 Hearing when the parties were instructed to meet and confer regarding the document requests. *See Space Hunters, Inc.,* 500 Fed. Appx. at 81. Respondents are using the Motion for Reconsideration to "adduce new evidence in response to the court's rulings" when they should have established the burden created by the subpoenas prior to the Court's Order. *See Polsby,* 2000 WL 98057, at *1. Therefore, the Court finds that this evidence is not "newly available" and denies Respondents' Motion for Reconsideration on this ground.[1]

### 3. *Need to Correct Clear Error or Prevent Manifest Injustice*

Finally, the third major ground justifying reconsideration is the "need to correct a clear error or prevent manifest injus-

tice." *Virgin Atl. Airways,* 956 F.2d at 1255 (internal quotation marks omitted). Respondents do not specifically indicate any considerations that would warrant reconsideration on this ground. To the extent that Respondents are claiming that the burden of complying with the Order outweighs the relevance of the documents, this argument would not suffice to establish manifest injustice. Therefore, the Court will deny reconsideration on this ground.

### C. *MOTION FOR VACATUR AND TRANSFER TO THE DISTRICT OF CONNECTICUT*

Finally, Respondents request that the Court vacate the Order and transfer the Motion to Compel to the District of Connecticut for resolution. The Court denies this request for several reasons. First, the Court considered this request during both the November 17 Hearing and November 24 Hearing and rejected it. Second, Respondents claim that Rule 45 provides for a "near-automatic transfer [ ] of ancillary proceedings to the District Court from which the subpoena was issued when the subpoenaed party consents." (Dkt. No. 21 at 10.) However, Rule 45 merely permits transfer but does not require it. *See*

---

1. Respondents also argue that the recently enacted amendment to Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") requires that the Court "specifically assess the proportionality of the discovery sought, in addition to assessing relevance." (Dkt. No. 21 at 9); *see* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the pro-

posed discovery outweighs its likely benefit."). This argument fails for two reasons. First, the amendment to Rule 26 went into effect on December 1, 2015 and therefore was not in effect at the time of the Order on November 25, 2015. Second, the Advisory Committee Notes indicate that although the amendment "restores the proportionality factors to their original place in defining the scope of discovery," it "does not change the existing responsibilities of the court and the parties to consider proportionality" and is not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26(b)(1) (Advisory Committee Notes to 2015 Amendment). Respondents continue to make a boilerplate objection regarding burden and have failed to demonstrate how the alleged

Fed.R.Civ.P. 45(f) ("When the court where compliance is required did not issue the subpoena, it *may* transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.") (emphasis added). Finally, Respondents imply that Lima is engaged in gamesmanship and "is seeking multiple bites at the discovery apple." (Dkt. No. 21 at 10 n.11.) However, Respondents initially claimed that they would not comply with the subpoena "[a]bsent an order of the United States District Court for the [Southern] District of New York."[2] (*See* Exs. 10–12, Dkt. No. 3.) Therefore, Respondents appear to be attempting to engage in gamesmanship in now requesting that the Order be vacated and the Motion to Compel be transferred to the District of Connecticut. Finally, although the court in the District of Connecticut may be more knowledgeable regarding discovery in the underlying matter, that court has not issued any rulings on this particular issue. Rather, the court has requested that the parties inform it when this Court has ruled on the Motion for Reconsideration. (*See* Dkt. No. 26 at 16–17.) Therefore, this Court finds that the likelihood of inconsistent or duplicative rulings on this issue is low.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of Respondents Nassau Reinsurance Group Holdings, L.P. ("Nassau"), Phillip J. Gass ("Gass"), and Kostas Cheliotis ("Cheliotis") (collectively, "Respondents") for Clarification and Reconsideration of the Court's

Order Granting Rule 45 Motion to Compel Compliance with Subpoenas (Dkt. No. 20) is **DENIED**.

**SO ORDERED.**

---

burden outweighs the relevance of these documents.

2. In Cheliotis's Objections to Plaintiff Lima LS PLC's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Cheliotis stated that he would not comply with a subpoena '[a]bsent an order of the United States

District Court for the Eastern District of New York.' (Ex. 12, Dkt. No. 3.) However, this statement was likely a typographical mistake as Respondents admit that the 'Southern District of New York is the location where compliance with the subpoena is required and where the Motion was properly filed[.]' (Dkt. No. 21 at 10 n.11.)